In re: TMI CASES CONSOLIDATED II,

LEVIN—1706 PLTFS; Tarasi—350 Pltfs; Neeson—4 Pltfs; Hyman—1 Pltf; Knight—2 Pltfs; Haaz—2 Pltfs; Mirin—1 Pltf; Devito—4 Pltfs; Bozarth—1 Pltf; Walwyn—3 Pltfs; Shein—2 Pltfs; Harris—3 Pltfs,

v.

General Public Utilities Corporation; Babcock & Wilcox Company; Pennsylvania Electric Company; Jersey Central Power & Light Company; Metropolitan Edison Company; McDermott Incorporated; Raytheon Constructors Inc.; Burns and Roe Enterprises, Inc.; Dresser Industrial Valve and Instrument Division of Dresser Industries, Inc.,

LEVIN—1706 PLTFS, Tarasi— 350 Pltfs and Hyman—1 Pltf, Appellants.

No. 02–1520.

United States Court of Appeals, Third Circuit.

ARGUED Oct. 31, 2002.

Decided Dec. 3, 2002.

Laurence S. Berman, (Argued), Arnold Levin, Levin, Fishbein, Sedran & Berman, Philadelphia, PA, Lee C. Swartz, Tucker Arensberg & Swartz, Harrisburg, PA,

Louis M. Tarasi, Jr., Tarasi, Tarasi & Fishman, Pittsburgh, PA, for Appellants.

Alfred H. Wilcox, (Argued), Pepper Hamilton, Philadelphia, PA, for Appellees.

Before NYGAARD and WEIS, Circuit Judges and IRENAS,* District Judge.

## OPINION OF THE COURT

NYGAARD, Circuit Judge.

Appellants, who are the "Non–Trial Plaintiffs," argue on appeal that the District Court erred by entering summary judgment against them. A complete recitation of the complicated factual basis and procedural history of this protracted litigation was recited fully and carefully in the District Court's opinions leading up and granting summary judgment, and in our earlier opinion, *In re TMI Litigation,* 193 F.3d 613 (3d Cir.1999). In that opinion we affirmed the summary judgment entered against the Trial Plaintiffs based on their inability to establish a *prima facie* case. Following a second appeal, we held in *All Plaintiffs v. General Public Utilities Corp.,* No. 00–8056 (April 30, 2001), that discovery was closed as to the Non–Trial Plaintiffs, and, that they must proceed on the theory or theories in place by the close of discovery. We nonetheless reversed the summary judgment against the Non–Trial Plaintiffs because we could not tell if they had agreed to proceed solely on the theory used by the Trial Plaintiffs.

On remand, and based on the record before it, the District Court properly recognized that the Non–Trial Plaintiffs' theory at the close of discovery suffered the same deficiencies that led to summary judgment against the Trial Plaintiffs. Thus, the District Court entered summary

judgment against them too. The Non–Trial Plaintiffs appeal again, arguing that summary judgment was tantamount to a discovery sanction. We disagree. They are stuck with the record that was created before the close of discovery, and which does not support their argument. We agree with the District Court that the Non–Trial Plaintiffs have failed to establish a *prima facie* case and conclude that summary judgment is appropriate. We will affirm.